Opinion of
the Court.
THIS action was brought in the court below by the defendant in error against the plaintiff in error. The declaration is in assumpsit for the sale and delivery of a quantity of bread. Non-assumpsit was pleaded, and a verdict obtained by the plaintiff in that court. A motion was then made for a new trial, but overruled, and exceptions taken to the opinion of the court, and the whole evidence made part of the record.
The question made for decision here, is, whether a new trial should have been granted. The application for a new trial was made on the grounds that the verdict of the jury was contrary to evidence and law. The evidence abundantly proves that the bread was delivered to the plaintiff’s servant, and that it came to his use. These circumstances alone are prima facie evidence that the servant had authority from the plaintiff to obtain the bread on a credit. See Peak’s Evid. 250, and the authorities there cited. But the evidence is not conclusive; he might, by other evidence, repel the presumption. This, however, could only be done by shewing that the defendant in error knew he did not entrust his servants to buy on credit. Whether, therefore, proof of this description was made, was peculiarly and essentially the province of the jury to determine, It is not enough, that were we jurors we might be inclined to differ with the jury in relation to this fact; but to authorise the interference of the court in granting a new trial, the verdict should be clearly and palpably against evidence. We cannot say the present is such a case; for although it is manifest the plaintiff in error did not intend his servant should be credited, there is no evidence in the cause shewing the defendant had any knowledge of that intention; but, to the contrary, it appears the plaintiff’s bar-keeper at different times sent the servant for bread, without money to pay for it. The court below, therefore, decided correctly in refusing a new trial.
Judgment affirmed.